**Melody Edwardsen PHILLIPS, Plaintiff,**

v.

**SARATOGA HARNESS RACING, INC., Defendant.**

**No. 96–CV–1587 (LEK/RWS).**

United States District Court, N.D. New York.

March 31, 2000.

The Law Office of Mary Beth Hynes, Clifton Park, NY, Mary Beth Hynes, of counsel, for plaintiff.

Featherstonhaugh, Conway, Wiley & Clyne, LLP, Albany, NY, Randall J. Ezick, of counsel, for defendant.

## MEMORANDUM–DECISION AND ORDER

KAHN, District Judge.

### I. Background

This appears to be a case of first impression,[1] setting forth the question of whether a foreign divorce decree that a state court finds null and void can nonetheless be a "qualifying event," 29 U.S.C. § 1163(3), that entitles a qualified beneficiary to elect continuation of coverage under a health plan when that person would otherwise lose coverage. See 29 U.S.C. § 1161(a). In the realm of ERISA suits, indeed, the factual setting for this case may even pass as sensational and riveting. Plaintiff Ms. Melody Edwardsen Phillips married Mr Frank Studenroth in 1985, and they lived together in Saratoga Springs, New York, until 1993. In July of that year, while they were on vacation in Maine, Mr Studenroth left the Plaintiff and moved out of their home. Their relationship continued to deteriorate until they were no longer speaking with each other.

Mr Studenroth commenced a divorce proceeding in the Dominican Republic on 29 August 1994. On 3 October 1994 Plaintiff commenced an action in New York State, seeking a judgment of separation against Mr Studenroth, by filing a summons and complaint in the office of the Saratoga County Clerk. On 5 October 1994, Mr Studenroth obtained an ex parte divorce in the Civil and Commercial chamber of the Fifth Circumscription of the Court of the First Instance of the Judicial District of Santo Domingo, Dominican Republic; that court issued a divorce decree on the ground that Plaintiff, who (apparently knowing nothing of the proceeding) did not appear, was in default. Mr Studenroth quickly returned to the United States, and married his secretary, Ms. Patricia Leadley, on 7 October 1994, in Vermont.

With the exception of a brief interim some ten years ago, Mr Studenroth has worked for Defendant Saratoga Harness Racing, Inc., since 1979. Mr Studenroth returned to work a few days after his marriage ceremony with Ms Leadley, informed his employer that he had divorced and remarried, and that he wished to drop Plaintiff from his medical coverage, and extend coverage to Ms Leadley as his new wife. Defendant claims that its plan administrator gave Mr Studenroth the required notice and forms for Plaintiff to extend her health insurance coverage under the terms of COBRA, on his assurances that he wanted to make sure she got them. Defendant asserts that Mr Studenroth attempted to deliver them personally to Plaintiff, although she may have refused to accept the forms at least once out of anger. Plaintiff claims that she never received the notice or forms.

Plaintiff has medical conditions, including Graves disease, that require medical treatment. She underwent medically necessary treatment in November 1994, including radiation therapy, under the assumption that her health insurance through Defendant was still in effect. She subsequently found that her health coverage had been terminated in October 1994, and thus her medical treatments had not been covered by Defendant's insurance.

---

1. *Greene v. New Orleans Pub. Serv., Inc.,* Civ. A. No. 92–3133, 1994 WL 71268, 1994 U.S.Dist. LEXIS 2415 (E.D.La. 25 Feb. 1994), cited by both parties, is relevant to this question, but not precisely on point. It concerned a divorce proceeding filed in state court, in which no judgment of divorce was ever rendered, in contrast to the present case, which turns on the effect of a foreign divorce decree subsequently held null and void in the forum state.

In a decision and order entered 12 March 1996, by the Honorable William H. Keniry, Justice of the State of New York Supreme Court, 4th Judicial District, Saratoga County, the Dominican Republic divorce was declared null and void, on the ground that Plaintiff had not "been given adequate notice of the foreign divorce proceeding and an opportunity to be heard." *Phillips v. Studenroth,* Index No. 97–2427, slip op. at 4–6 (N.Y.Sup.Ct. filed 12 Mar. 1996) (copy attached as Ex. G to Pl.'s Rule 7.1(f) Statement of Material Facts Not in Dispute (Doc. 25, 13 Feb. 1998) (submitted pursuant to Pl.'s mot. for summ. j. filed 13 Feb. 1998)).

Plaintiff brings this action invoking the jurisdiction of the Court pursuant to 28 U.S.C. § 1337, alleging that Defendant failed to fulfill its obligations to her in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461, in particular the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. §§ 1161–1168, and further alleging supplemental New York State law claims for breach of contract and negligence arising from the same set of facts and circumstances. Plaintiff alleges that Defendant failed or refused to notify her of her rights regarding the continuation of her group health care plan or of her right to elect to extend coverage under COBRA. Plaintiff seeks compensation for all out-of-pocket medical bills incurred because of her termination of coverage, as-yet undetermined damages, further penalties should Defendant be found liable for willful neglect, reasonable attorney fees and costs, and such other and further relief as the Court deems reasonable and just.

## II. *Motions*

Now before the Court are Defendant's and Plaintiff's motions for summary judgment pursuant to Fed.R.Civ.P. 56. (*See* Def.'s Notice Mot. for Summ.J. (Doc. 13, 12 Feb. 1998), and Pl.'s Notice Mot. and Mot. for Summ.J. (Doc. 24, 13 Feb. 1998).)

## III. *Discussion*

### A. *Jurisdiction*

Although Defendant did not formally move for dismissal of this case pursuant to Fed.R.Civ.P. 12(c) or 12(h)(3), it did argue that, on the pleadings, Plaintiff fails to establish a federal cause of action, and therefore this Court lacks subject matter jurisdiction. (*See* Mem.Law Supp. Def.'s Mot.Summ.J. at 7–8, 12–13 (Doc. 15, 12 Feb. 1998).) More importantly, a court is always obliged to review sua sponte whether it has jurisdiction in a case. In either event, Defendant's argument is that because Plaintiff was never divorced she never qualified for a COBRA extension of health insurance coverage, and Defendant therefore had no obligation to provide notice of COBRA eligibility to her.

ERISA provides that:

The plan sponsor of each group health plan shall provide, in accordance with this part, that each qualified beneficiary who would lose coverage under the plan as a result of a *qualifying event* is entitled, under the plan, to elect, within the election period, continuation coverage under the plan.

29 U.S.C. § 1161(a) (emphasis added). ERISA defines a "qualifying event" as follows:

For purposes of this part, the term "qualifying event" means, with respect to any covered employee, any of the following events which, but for the continuation coverage required under this part, would result in the loss of coverage of a qualified beneficiary:

. . . .

(3) The divorce or legal separation of the covered employee from the employee's spouse.

29 U.S.C. § 1163 and (3). But for the occurrence of a qualifying event, the plan sponsor bears no obligation under COBRA to provide a qualified beneficiary with continuation coverage in event of circum-

stances in which the beneficiary loses coverage.

Plaintiff has never conceded that the Dominican Republic divorce was valid. She does, however, argue that the presentation of that divorce decree to Defendant's plan administrator was a "qualifying event" that triggered Defendant's obligations under § 1161. (*See* Pl.'s Mem.Law in Opp'n Def.'s Mot.Summ.J. ("Pl.'s Mem.") at 7–9 (Doc. 23, 12 Feb. 1998).) Plaintiff's strongest argument is that permitting a plan sponsor to refuse to extend recognition to a foreign divorce decree— even if it did *ultimately* turn out to be invalid—would undermine a remedial statute such as COBRA, because of the harm to plan beneficiaries during the pendency of litigation, which in this instance would have covered approximately seventeen months between Plaintiff's loss of coverage as Mr Studenroth's spouse, and Justice Keniry's decision that the divorce decree was null and void. (*See* Pl.'s Mem. at 9.)

Indeed, Defendant did not originally question the validity of the divorce, but instead commenced to carry out its obligations under COBRA of providing notice to Plaintiff and delivering forms for continuing coverage to her. Furthermore, the Court is skeptical that the means Defendant employed to deliver the documents to Plaintiff—giving them to Mr Studenroth, an estranged husband, for hand delivery— would prove to have satisfied its obligation under COBRA to give notice.

Nonetheless, the Court cannot at this time find an obligation incumbent on Defendant under COBRA to provide continuation coverage to Plaintiff on the basis of a "qualifying event" that did not exist. Case law strongly indicates that the *finalization* of a divorce is the "qualifying event" in such circumstances, *see McDowell v. Krawchison*, 125 F.3d 954, 960 (6th Cir. 1997); *Van Hoove v. Mid–America Bldg. Maintenance, Inc.*, 841 F.Supp. 1523, 1536 (D.Kan.1993); the Court cannot deem a divorce decree that is held null and void to be a finalization of a divorce, and thus it may not recognize it as a "qualifying event." In the absence of a "qualifying event" triggering such an obligation, Plaintiff has identified no federal cause of action, and the Court accordingly lacks subject matter jurisdiction.

Mr Studenroth, in contrast to Defendant, was under a New York State Family Court order, as a result of proceedings initiated in January 1994, to maintain health insurance for Plaintiff. (*See* Tr., E.B.T. of Nancy E. Bunting, Esq., non-party witness, at 9–11 (4 Nov. 1997); Tr., E.B.T. of Mr Studenroth, non-party witness, at 50 (21 Oct. 1997); both attached to Exs. to Def.'s Mot.Summ.J. (Doc. 16, 12 Feb. 1998).) He apparently had the right to unilaterally drop Plaintiff from his employer-provided health coverage, but under the Family Court order it was at his own risk. If Plaintiff has a remedy in this situation it properly lies in an action under state law in state court against her husband, alleging a violation of the Family Court order requiring him to maintain her health insurance.

The Court notes that this disposition seems likely to serve an important policy purpose, of vindicating New York State's laws relating to marriage. This disposition gives persons who obtain divorces in foreign courts a strong incentive to make sure that New York State's safeguards of their spouses' rights—such as adequate notice of the proceedings—are observed. In contrast, a disposition in this case finding a cause of action against Defendant would relieve persons seeking divorces in foreign courts of risks associated with inequitable procedures in those venues.

In the absence of subject matter jurisdiction, all claims and motions before this Court are MOOT, and the action must be DISMISSED.

### CONCLUSION

For the reasons stated above, it is hereby:

ORDERED that pursuant to Fed. R.Civ.P. 12(h)(3) this actions is **DISMISSED** for lack of subject matter jurisdiction; and

IT IS FURTHER ORDERED that Defendant's motion for summary judgment against Plaintiff is **DENIED AS MOOT;** and

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment against Defendant is **DENIED AS MOOT;** and

IT IS FURTHER ORDERED that this case is **CLOSED,** and

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.